NORTH SLOPE BOROUGH et al., Plaintiffs,

v.

Cecil D. ANDRUS and Richard A. Frank, Defendants,

Atlantic Richfield Company et al., Intervenor-Defendants.

NATIONAL WILDLIFE FEDERATION et al., Plaintiffs,

v.

Cecil D. ANDRUS and Richard A. Frank, Defendants,

Atlantic Richfield Company et al., Intervenor-Defendants.

VILLAGE OF KAKTOVIK et al., Plaintiffs,

v.

Cecil D. ANDRUS and Richard A. Frank, Defendants,

Atlantic Richfield Company et al., Intervenor-Defendants.

Civ. A. Nos. 79–3193, 79–3199 and 79–3216.

United States District Court, District of Columbia.

Feb. 3, 1981.

Kenneth E. Conklin and Scott D. Andersen, Leighton, Conklin, Lemon, Jacobs and Buckley, Chartered, Washington, D. C., for plaintiffs.

Donald C. Allen, Allen, Thieblot & Alexander, Baltimore, Md., Thomas F. Hogan, Rockville, Md., Ronald G. DeWald, Lipshultz & Hone, Silver Spring, Md., for defendants.

## ORDER

AUBREY E. ROBINSON, Jr., District Judge.

Before the Court are a Stipulation of Settlement Between Plaintiffs and Federal Defendants Regarding Attorney's Fees, a Notice of Withdrawal from the Stipulation submitted by the Federal Defendants, an Opposition to Approval of Stipulation from Intervenor-Defendants and an Opposition to the Notice of Withdrawal from the Plaintiffs in the above captioned case. The merits of the instant action were resolved in *North Slope Borough v. Andrus*, 486

F.Supp. 332 (D.D.C.1980) and *North Slope Borough v. Andrus*, 642 F.2d 589 (D.C.Cir. 1980). The underlying facts may be gleaned from those opinions.

This Court has already held that Plaintiffs are entitled to reasonable attorney's fees for all litigation in this case involving the Endangered Species Act (ESA) 16 U.S.C. § 1531, *et seq.*, and the Outer Continental Shelf Lands Act (OCSLA) 43 U.S.C. § 1331, *et seq. See North Slope Borough v. Andrus*, No. 79–3193, Order (D.D.C. May 1, 1980). In light of this Order, Plaintiffs and Federal Defendants effectuated a stipulation regarding the amount of attorney's fees owed Plaintiffs. Said stipulation provides, *inter alia*, that the Federal Defendants shall pay "as compensation for the attorney's fees and costs which Plaintiffs incurred for their representation before this Court in this proceeding the amounts of $30,000.00 to *North Slope Borough, et al.*, $14,000.00 to the *National Wildlife Federation, et al.*, and $15,500.00 to the *Village of Kaktovik, et al.*" (emphasis in original).

The issues before the Court are (1) is an award of fees "appropriate" within the meaning of the ESA, 16 U.S.C. § 1540(g)(4), and the OCSLA, 43 U.S.C. § 1349(a)(5), and (2) if so, are the amounts in the Stipulation consistent with *Copeland v. Marshall*, 641 F.2d 880 (D.C.Cir. 1980). Because the Court answers both questions in the affirmative, it need not decide whether the Stipulation may be withdrawn.

Section 11 of the ESA provides, in pertinent part, "[t]he court . . . may award the costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(4). Section 23 of the OCSLA provides, in pertinent part, "[a] court . . . may award costs of litigation, including reasonable attorney and witness fees, to any party, whenever such court determines such award is appropriate." 43 U.S.C. § 1349(a)(5). While no courts have delineated the parameters of "appropriateness" in the context of ESA and OCSLA litigation,

the Court of Appeals has recently scrutinized an identical provision in the Clean Air Act, 42 U.S.C. § 7607(f). The Court stated that

[T]he District Court incorrectly focused its attention on the outcome and practical effects of the litigation to the exclusion of a more relevant consideration: whether the suit was of the type that Congress intended to encourage when it enacted the citizen-suit provision. . . . To this end, courts were empowered to award fees whenever the award was deemed to be "in the public interest."

*Metropolitan Washington Coalition for Clean Air v. D. C.*, 639 F.2d 802 at 804 (D.C.Cir. 1981). Thus, while the Defendant ultimately prevailed on the merits, *see North Slope Borough v. Andrus*, 642 F.2d 589 (D.C.Cir. 1980), this factor, while entitled to consideration, is not dispositive. Rather, this Court must ascertain (1) whether Congress intended to encourage this type of litigation, and (2) if so, is an award of attorney's fees in the public interest.

Intervenor-Defendants contend that the primary public interest served by the OCSLA is expeditious exploitation of oil and gas reserves, that Plaintiffs disserved this purpose, and therefore the suit (and an award of attorney's fees) was not in the public interest. This logic would lead inextricably to the conclusion that unless Plaintiffs prevailed on the merits, they would be disserving the public interest. This conclusion is erroneous as a matter of law. *Metropolitan Washington Coalition for Clean Air v. D. C.*, at 804. Moreover, Congress has declared that OCS development shall be performed consistent with environmental needs, 43 U.S.C. § 1332, and has provided for the cancellation of leases "if there is a threat of serious, irreparable, or immediate harm or damage to life (including fish and other aquatic life) . . . or to the marine, coastal, or human environment . . ." 43 U.S.C. § 1334. The Act is replete with references to environmental concerns. Congress intended to provide both for the expeditious

**108**

exploitation of resources and environmental protection when it enacted the OCSLA. It recognized the tensions inherent in this dual purpose, and enacted the citizen-suit provision to ensure that environmental factors were given appropriate weight.

This case is precisely the type envisioned by Congress when it enacted the citizen-suit provision. The survival of an endangered species, the bowhead whale, and the preservation of the North Slope environment formed the gravamen of Plaintiffs' complaints, and are concerns directly addressed in the OCSLA and ESA. Moreover, the case presented novel, complex, and manifestly unclear questions concerning the interrelationship between the ESA and OCSLA. Plaintiffs' allegations were well founded, not frivolous. Finally, all of Plaintiffs' counsel were highly competent and thorough in their presentation of this litigation. An award of attorney's fees in the instant action is clearly in the public interest.

Plaintiffs and Defendants have stipulated to an amount of attorney's fees. See page 106, *supra.* Defendants have attempted to withdraw the stipulation only because the Department of Interior objects to the award of fees, not because they stipulated to an excessive amount. Considering the complexity of this litigation, the time necessarily spent by counsel, the excellent quality of representation, and the prevailing market rates for comparable legal services, *see Copeland v. Marshall,* at 891–894, 902, 905–906, the award contained in the stipulation appears modest. Plaintiffs, however, seeking to avoid further litigation, have strongly urged the Court to approve that award. It is therefore by the Court this 3rd day of February, 1981,

ORDERED, that the Federal Defendants shall pay as compensation for the attorney's fees and costs which Plaintiffs incurred for their representation before this Court in this proceeding the amounts of $30,000.00 to North Slope Borough, *et al.,* $14,000.00 to the National Wildlife Federation, *et al.,* and $15,500.00 to the Village of Kaktovik, *et al.;* and it is

FURTHER ORDERED, that said payment shall be made on or before February 27, 1981.